**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LARRY ROWELL; TAMI
GOSVENOR ROWELL,

       Plaintiffs-Appellants,

  v.

MARK R. KING; DON EVANS,
Mulvane Kansas Police Officer, in
his official and individual capacity,

       Defendants,

    and

DEBORAH A. KLAUS; KRISTI
KLAUS,

       Defendants-Appellees.

No. 06-3149
(D.C. No. 05-CV-1078-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiffs appeal the district court's order dismissing their complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). They filed suit under 42 U.S.C. § 1983 and Kansas state law alleging that defendants violated their constitutional rights and committed various torts when defendant Mark R. King, while serving a writ of execution, entered their home and took their personal property. This appeal concerns only defendants Deborah Klaus and her daughter Kristi Klaus (the Klaus defendants). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

*I. Background*

Defendant-appellant Deborah Klaus obtained a judgment against plaintiffs in a Kansas state court. The state court issued a writ of execution and Deborah Klaus hired defendant King, a private process server who was also her daughter's employer, to serve the writ. King and defendant Don Evans, a police officer, went to plaintiffs' home, where King ordered plaintiffs to turn over to him cash and items of personal property, including a truck, ostensibly to satisfy Deborah Klaus' judgment. Officer Evans inquired if plaintiffs owned any firearms, and left the home shortly after ascertaining that no weapons were present. After he left, King telephoned defendant Kristi Klaus, his employee and daughter of Deborah Klaus, who arrived at the scene and took photographs of the interior of plaintiffs' residence. King loaded plaintiffs' truck with many of their belongings and directed Kristi Klaus to drive it away, which she did.

-2-

Plaintiffs sued King, Officer Evans, Deborah Klaus, and Kristi Klaus, alleging that the intrusion into their home violated their rights under the Fourth and Fourteenth Amendments, giving rise to a cause of action under § 1983, as well as the state-law torts of intentional infliction of emotional distress, invasion of privacy upon seclusion, and aiding and abetting (against Kristi Klaus only).[1] The parties stipulated to dismissing the claims against Officer Evans and King.[2] The district court granted the Klaus defendants' motion to dismiss plaintiffs' claims against them for failure to state a claim under Rule 12(b)(6). The court denied plaintiffs' subsequent motion to reconsider the dismissal order. Plaintiffs appeal, arguing that the district court applied the wrong standards under Rule 12(b)(6) and the court erred in dismissing their claims against the Klaus defendants.

## II. Standard of Review

> This court reviews a Rule 12(b)(6) dismissal *de novo*, accepting all well-pleaded facts as true and in the light most favorable to the nonmoving party. A 12(b)(6) motion should not be granted unless it

---

[1] Plaintiffs have abandoned on appeal their remaining claims.

[2] The claims against King were dismissed without prejudice, a non-final order that did not transfer jurisdiction to this court. *See Heimann v. Snead*, 133 F.3d 767, 768-69 (10th Cir. 1998). In response to this court's jurisdictional show cause order, the district court entered an order certifying the case for appeal under Fed. R. Civ. P. 54(b). *See Stockman's Water Co. v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). Plaintiffs' notice of appeal then ripened, thus conferring appellate jurisdiction. *See Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir. 1988).

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005) (citation and quotation omitted), *cert. denied sub nom.*, 126 S. Ct. 1910 (2006).

*III.  Section 1983 Claims*

Plaintiffs' § 1983 claims are based on King's and Officer Evans' unauthorized entry into their home.  This appeal concerns only plaintiffs' claims against the Klaus defendants, however.  Much of plaintiffs' appellate argument is directed to the actions of defendants King and Evans, matters we do not address except as they relate to the Klaus defendants.

"Title 42 U.S.C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (quoting § 1983).  Infringements of rights under the Fourth and Fourteenth Amendments can give rise to a cause of action under § 1983 but only for constitutional violations committed under color of state law or by state action. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1446-47 (10th Cir. 1995).  To establish state action,

> a plaintiff must demonstrate that the alleged deprivation of constitutional rights was caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.  In addition,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor.

*Id.* at 1447 (quotation and citation omitted). An actor need not be an officer of the State to act under color of state law for § 1983 purposes. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). A private party who conspires with a state official is acting under color of state law. *Id.* at 27-28. In addition, a private person can be considered a state actor for § 1983 purposes if he and a state official acted "in concert in effecting a particular deprivation of constitutional rights." *Gallagher*, 49 F.3d at 1453; *see also id.* at 1448-57 (discussing four tests available to determine state action).

The Klaus defendants do not challenge plaintiffs' characterization of Officer Evans as a state actor. Plaintiffs assert that Officer Evans' presence provided the requisite state action because if he had not been at their residence, they would not have permitted King to enter their home. As for King, plaintiffs contend that he was also a state actor because he was authorized by a state statute "to serve, levy and execute process." Kan. Stat. Ann. § 61-3003a(d)(3). Plaintiffs maintain that even though the Klaus defendants were private persons, they must be considered state actors because they conspired with, and acted in concert with, state actors King and Evans to violate their constitutional rights, thus making their conduct fairly attributable to the State. As discussed below, we need not determine whether King can be considered a state actor because even

-5-

assuming he was, we conclude that plaintiffs' amended complaint fails to state a claim under § 1983.

### (A) Conspiracy or Joint Action with Officer Evans

We first consider whether plaintiffs stated a claim that either of the Klaus defendants conspired with Officer Evans or acted in concert with him to violate their constitutional rights. There is no allegation that Deborah Klaus had any contact or communication whatsoever with him. It is undisputed that Kristi Klaus did not appear at plaintiffs' residence until after Officer Evans had left. Plaintiffs have not alleged "specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998). Accordingly, plaintiffs' conclusory allegations of a conspiracy or joint action with Officer Evans are insufficient to state a § 1983 claim. *Cf. Montgomery v. City of Ardmore*, 365 F.3d 926, 942 (10th Cir. 2004) (holding conclusory allegations insufficient to state § 1983 claim where there was no evidence that defendant committed unconstitutional act or allegations of conspiracy). Therefore, we conclude that the district court properly dismissed the § 1983 claims based on Officer Evans' actions.

### (B) Conspiracy or Joint Action with King

Turning to plaintiffs' claims against the Klaus defendants based on King's conduct, the bulk of those claims is that King exceeded his authority under the state statutes pertaining to service of process, executions, and attachments. *See*

Kan. Stat. Ann. § 61-3003a(d)(3) (authorizing private persons "to serve, levy and execute process"); *see also id.* §§ 60-706 & 60-2401 (governing writs of execution and attachment orders). A claim that a defendant misused or abused a state statute does not state a claim under § 1983. *Lugar*, 457 U.S. at 942; *accord Yanaki*, 415 F.3d at 1209. Moreover, plaintiffs do not assert that the state statutes are unconstitutional. *Cf. Lugar*, 457 U.S. at 942 (holding challenge to constitutionality of state statute presents claim under § 1983).

### *(i) Conspiracy*

We next consider plaintiffs' claim that the Klaus defendants conspired with King to violate their constitutional rights. Deborah Klaus merely hired King as a process server, which plaintiffs aver "put in motion the events" that injured them. Aplt. Br. at 29. This is insufficient to state a claim of conspiracy.

As for Kristi Klaus, plaintiffs alleged that she came to their residence at King's behest, took pictures, and drove their truck away at King's direction. "When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials . . . in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000) (quotation

omitted).[3]  Plaintiffs have "provide[d no] factual averments as to the nature of [any] concerted activities."  *Id.* at 908.  Consequently, plaintiffs have not stated a claim that Kristi Klaus conspired with King to violate their constitutional rights.

### (ii)  Joint Action

Plaintiffs also contend that the Klaus defendants engaged in joint action with King that violated their constitutional rights.  Even assuming King could be considered a state actor, the amended complaint does not allege facts showing that either of the Klaus defendants and King "share[d] a specific goal to violate [their] constitutional rights by engaging in a particular course of action," *Gallagher*, 49 F.3d at 1455, or even that the Klaus defendants "played any role," *id.*, in King's decisions to enter their residence and confiscate their property.  Plaintiffs' amended complaint thus failed to state a claim under § 1983 against the Klaus defendants for conspiring with a state actor.  Accordingly, we affirm the district court's order dismissing the § 1983 claims pursuant to Rule 12(b)(6).

### IV.  State Common-law Claims

Plaintiffs also appeal the district court's dismissal of their state common-law claims against both Klaus defendants for invasion of privacy upon seclusion and intentional infliction of emotional distress.  For their

---

[3]     Plaintiffs attempt to distinguish *Scott* as applicable only to conspiracy claims against private defendants.  Aplt. Br. at 10 n.4.  But here, as in *Scott*, plaintiffs allege that private defendants are liable under § 1983 because they conspired with state actors.  *See Scott*, 216 F.3d at 907.  Therefore, *Scott* controls.

invasion-of-privacy claim, plaintiffs rely on the standard announced in *Froelich v. Adair*, 516 P.2d 993, 995 (Kan. 1973): "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable man." (quotation omitted). The cause of action for intentional infliction of emotional distress, which is the same as the tort of outrage under Kansas law, *Hallam v. Mercy Health Ctr. of Manhattan, Inc.*, 97 P.3d 492, 494 (Kan. 2004), requires that the defendant engaged in "outrageous conduct . . . beyond the bounds of decency and utterly intolerable in a civilized society." *Moore v. State Bank of Burden*, 729 P.2d 1205, 1211 (Kan. 1986) (listing four required elements).

As with the constitutional claims discussed above, plaintiffs' allegations lumped together all defendants. Again, we are not concerned with King's conduct. Plaintiffs based their claim for intentional infliction of emotional distress on the following: "Defendants [sic] conduct in serving and executing the writ, the unlawful search and seizure of Larry Rowell, plaintiffs' home and truck, and threats to arrest plaintiffs and subject them to public ridicule and embarrassment." Aplt. App. at 33. Plaintiffs' claim of invasion of privacy upon seclusion was based on "Defendants' conduct in executing the illegal search and seizure of plaintiffs' home and vehicle." *Id.* at 34. Considering these allegations in the context of the Klaus defendants' actions, we conclude that plaintiffs failed

to assert conduct on the part of either of the Klaus defendants that rises to the level required to state a claim for outrage or invasion of privacy. Consequently, we conclude that the district court correctly dismissed these claims.

Finally, we address plaintiff's claim of aiding and abetting against Kristi Klaus only. In order to find her liable for aiding and abetting King to violate their rights under the Constitution and Kansas state law, the following elements must be established:

> (1) The party whom the defendant aids must perform a wrongful act causing injury; (2) at the time the defendant provides assistance, he or she must be generally aware of his or her role in part of an overall tortious or illegal activity; and (3) the defendant must knowingly and substantially assist in the principal violation.

*York v. InTrust Bank, N.A.*, 962 P.2d 405, 424 (Kan. 1998).

Although the amended complaint alleges sufficiently that King performed a wrongful act, thus satisfying the first factor, we agree with the district court that plaintiffs' allegations are insufficient to state a claim that Kristi Klaus met the remaining two factors. The amended complaint does not assert that she was aware of any tortious or illegal activity by King.

We also agree with the district court's conclusion that Kristi Klaus did not provide substantial assistance to King. The Kansas Supreme Court has adopted six factors "to determine if the aid is sufficient to establish liability under an aiding and abetting theory." *State ex rel. Mays v. Ridenhour*, 811 P.2d 1220, 1234 (Kan. 1991). Those factors are (1) the nature of the tortious act, (2) the

amount and kind of assistance given, (3) whether the defendant was present at the time of the tort, (4) the relationship between the defendant and the tortious actor, (5) the defendant's state of mind, and (6) the duration of the assistance the defendant provided. *Id.*

According to the amended complaint, Kristi Klaus arrived at the scene well after King had entered plaintiffs' home, intimidated and upset them, taken various items of personal property, and loaded their belongings on the truck. She took pictures and drove the truck away. Although King's actions may have been tortious, an issue we do not decide, Kristi Klaus did not participate in the bulk of King's actions, let alone assist him in them. She was there for a relatively short time and provided minimal assistance to King. Consequently, we affirm the district court's dismissal of the aiding and abetting claim against Kristi Klaus.

*V. Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court

Michael W. McConnell
Circuit Judge